IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KELLY ELAINE SLAYTON, SPN #03078865, | § § § | |
| *Plaintiff,* | § § | |
| vs. | § § | CIVIL ACTION NO. 4:22-2572 |
| JAYNEQUKIA LAWRENCE | § § § | |
| *Defendant.* | § § § § | |

## AMENDED COMPLAINT

COMES NOW Plaintiff Kelly Elaine Slayton files this lawsuit against Defendants Detention Officer Jaynequkia Lawrence in both individual and official capacities, Harris County, Harris County Sheriff Ed Gonzalez, Harris County Sheriff's Department, Harris Health and Jane and John Does 1-4 stating as follows:

## STATEMENT OF CASE

1. Over a period of five years, multiple detention officers have verbally, and physically assaulted Ms. Kelly Elaine Slayton ("Slayton"). Some abuse has been sexual in nature. Upon reporting abuse through appropriate channels, the proper precautions were not taken and instead of Ms. Slayton being protected from future abuse, she was retaliated against, further victimized and had, on at least one occasion, a visit with her attorney monitored in violation of her first and fourteenth amendment rights.

2. Ms. Slayton suffers from a serious mental health medical condition, dating back to when she was a young child. Ms. Slayton grew up in foster care and was victimized throughout her childhood. This traumatizing upbringing along with her mental health challenges resulted in Ms.

1

Slayton getting into trouble in her youth and it makes her even more susceptible to being victimized later on life.

3. As a result of Ms. Slayton being sexually harassed, confined unconstitutionally and not protected by Detention Officers while in Harris County Jail custody, she continues to live in fear of her safety and suffer from mental and emotional distress.

4. Ms. Slayton's injuries are also attributable to Harris County, Harris County Sheriff Ed Gonzalez, and Harris County Sheriff's Department's negligence, deliberate indifference, and failure to train, supervise, discipline as well as a pervasive and well-known pattern and practice at the Harris County Jail of utilizing ill-trained personnel.

5. Accordingly, Plaintiff, Ms. Slayton seeks judgement against the above-named Defendants, in their individual capacities, for violations of Ms. Slayton's Constitutional rights to receive adequate medical care under the First and Fourteenth Amendment (Count I); under theories of municipal liability under the First and Fourteenth Amendment, for failures to train, supervise, and/or discipline (Count II) cognizable pursuant to 42 U.S.C. §§ 1983 and 1988; under theories of municipal liability ("Monell") under the First and Fourteenth Amendment for unconstitutional pattern and practice (Count III); for unconstitutional policy (Count IV), and Plaintiff also brings claims under federal and Texas state law, for medical negligence (Count V), and negligence (Count VI).

**JURISDICTION AND VENUE**

6. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff is asserting a cause of action that arises under a federal statute.

7. Venue is proper in the United States District Court for the Southern District of Texas, Houston Division pursuant to 28 U.S.C. § 1391(b) (1) because the Defendant's principle offices are located in the Southern District of Texas, Houston Division. Venue is also proper in this district and division pursuant to 28 U.S.C. § 1391(b) (2) because a substantial part of the acts or omissions giving

rise to the claim occurred within the district.

**PARTIES**

8.     Plaintiff Kelly Elaine Slayton (hereinafter "Plaintiff Slayton") is and was at all times relevant herein a citizen of the United States of America and was a resident of the State of Texas.

9.     Defendant Harris County, Texas (hereinafter "Harris County") is a body politic, municipal corporation and/or political subdivision of the State of Texas, organized and existing pursuant to the Texas Constitution and State Law. Defendant Harris County operates with authority over the Harris County Sheriff Department.

10.    Defendant Ed Gonzalez is and was at all times relevant herein a citizen of the United States of America. Defendant Gonzalez is the sheriff of Harris County, Texas, and thus has the final policymaking authority and obligation to train employees of the Harris County Jail. At all times relevant hereto, Defendant Gonzalez was acting under color of state law and authority of his position with Defendants Harris County and Harris County Sheriff's Department. For purposes of Plaintiff's federal claims, Defendant Gonzalez is named in his individual capacity.

11.    Defendant Harris County Sheriff's Department (hereinafter "Sheriff's Department") is a body politic, municipal corporation, and/or political subdivision of the State of Texas, organized and existing pursuant to the Texas Constitution and state law. Defendant Sheriff's Department operates the Harris County Jail and provides healthcare services to inmates.

12.    Defendant Harris Health is a body politic, municipal corporation, and/or political subdivision of the State of Texas, organized and existing pursuant to the Texas Constitution and state law. Defendant Harris County operates Harris Health and provides healthcare services to inmates.

13.    On information and belief, Defendant Jaynequkia Lawrence (hereinafter "Defendant Lawrence") is and was at all times relevant hereto a citizen of the United States and an officer employed by Harris County who worked within the jail. At all times relevant hereto, Defendant

Lawrence was acting under color of state law and authority of his position with Defendant Harris County. For purposes of Plaintiff's federal claims, Defendant Lawrence is named in his individual capacity.

14. On information and belief, Jane and John Does 1-4 are and were at all times relevant hereto citizens of the United States and staff employed by Harris County who worked within the jail. At all times relevant hereto, Jane and John Does 1-4 were acting under color of state law and authority of their position with Defendant Harris County. For purposes of Plaintiff's federal claims, Defendants Jane and John Does 1-4 were named in their individual capacity.

## ALLEGATIONS COMMON TO ALL COUNTS

15. In late 2020, early 2021, Ms. Slayton was arrested and booked into the Harris County Jail.

16. As early as January 8, 2021, Harris County and its staff at the Harris County Jail was aware Ms. Slayton was suspected of suffering from mental illness or intellectual disability.

17. Detention Officer Lawrence violated Ms. Slayton's civil rights by failing to protect Ms. Slayton and failing to provide medical care, under the Fourteenth Amendments.

18. In June 2022, Lawrence told Ms. Slayton that if another inmate did not kill her, she and another officer would kill her.

19. Lawrence threatened Ms. Slayton because she is white, discriminating against her based on race.

20. Ms. Slayton was discriminated against based on race and intellectual ability, on multiple occasions, while in custody.

21. After Lawrence's threat, Ms. Slayton attempted to get the attention of other officers, but they ignored her.

22. During this same time period, Ms. Slayton was beaten badly, suffering from, including

but not limited to, multiple physical injuries including blunt head trauma, an untreated concussion, pain throughout her body, cuts, bruises migraines that lasted days at a time, dizzy spells and fatigue.

23. It was the responsibility of Defendant Harris Health to train and supervise Harris County officers on how to administer medications, including asking for medical histories and treating patients for existing conditions.

24. In January of 2021 Ms. Slayton was given medication she was allergic to and given someone else's medication, by one of Jane or John Does 1-4.

25. In March 2021 Ms. Slayton was seen by Jane and John Does 1-4, who gave Ms. Slayton a new medication without seeing a neurologist or being asked about her medical history.

26. Ms. Slayton was denied access to psychiatric medication and medication for her seizures, and ulcers on several occasions, by Jane and John Does 1-4, resulting in vomiting, and constant headaches.

27. On at least one occasion when Ms. Slayton stated she was not given her mediation, and the speakers were not working to announce when medication had arrived.

28. Ms. Slayton was told that was her problem to deal with and she needed to complain through a different grievance process.

29. In and before March 2023, Ms. Slayton was denied access to medical care by Jane and John Does 1-4, for her polyps, that resulted in her being in debilitating pain, having dizzy spells, seeing spots and being lightheaded for weeks, spotting and eventually bleeding heavily for a week and a half before she was treated with surgery.

30. It is the responsibility of the jail doctor Defendant John Doe 1 to train and supervise Harris County officers on how to administer medications and treat patients with pre-existing conditions.

31. Upon information and belief, Defendant John Doe 1 did not adequately train or

supervise Harris County personnel on how to administer Ms. Slayton's medications.

32. Upon information and belief, Defendant Harris Health did not train or supervise Harris County personnel on how to treat adequately Ms. Slayton's pre-existing conditions.

33. Ms. Slayton was suffering from numerous serious medical conditions and was constantly denied access to her prescription medications for bipolar disorder, PTSD, ulcers and other serious medical conditions.

34. Even though corrections staff knew and/or should have known of Ms. Slayton's serious need for her prescription medications, they failed to provide her with adequate and timely medical care, including, but not limited to, administering medication to treat her various medical ailments.

35. On information and belief, this denial of medication exacerbated and/or agitated Ms. Slayton's medical condition including physically and mentally.

36. Based on Ms. Slayton's condition, Ms. Slayton's multiple pleas for her medications, via grievances, and the Harris County Jail Defendants' awareness of her pleas, the Defendants had actual knowledge of Ms. Slayton's serious medical need and knew that the medical care Ms. Slayton was receiving was inadequate.

37. Based on Ms. Slayton's reporting of her physical and mental health conditions and Defendant John Doe 1's prescribing medications to Ms. Slayton, both Defendant John Doe 1 and Defendant Harris Health had actual knowledge of Ms. Slayton's serious medical needs.

38. Harris County Jail Defendants intentionally, willfully, maliciously, and while acting under the color of state law, showed a deliberate indifference to Ms. Slayton's serious medical needs, in that they had actual knowledge of serious medical need, obvious to them and obvious to laypersons at the jail, yet did not provide appropriate medical treatment, and inconsistently, at best, gave Ms. Slayton medications that needed to be given on a certain schedule.

39. Harris County Jail and Harris Health Defendants employed policies and procedures and

customs promulgated by them, Jane and John Does 1-4, and Harris County Sheriff's Department that insufficiently provided medical treatment to Ms. Slayton violating her constitutional rights.

40. Defendants Harris County, Harris Health, Harris County Sheriff's Department, and John Doe 1 enacted inadequate and unconstitutional policies and did not train, supervise and discipline jail personnel to ensure Ms. Slayton's serious medical needs were treated and that her hundreds of medical-related requests and grievances did not go unanswered.

41. On information and belief, Defendants Harris County and Harris Health also have a pattern and practice of having numerous safety violations and being in non-compliance with the Texas Commission for Jail Standards.

42. Defendants acted individually to deprive Ms. Slayton of appropriate medical care, and retaliated against her when she requested care to which she is entitled under the First and Fourteenth Amendments to the Constitution and 42 U.S.C. § 1983.

43. As a direct and proximate cause of Defendants' negligence and deliberate indifference, Plaintiff suffered physical pain, mental anguish and severe emotion distress.

44. Plaintiff attempted to take her own life, while incarcerated.

45. All of the aforementioned actions demonstrate that Defendants' actions were reckless and/or callously indifferent to Ms. Slayton's rights.

- Plaintiff is entitled to compensation for violations of Ms. Slayton's constitutional rights that all Defendants inflicted upon her, including, but not limited to, all damages allowable for pain and suffering, physical and mental anguish and emotional distress; attorney's fees; and punitive damages.

**COUNT I**

**<u>Failure to Provide Adequate Medical Care in violation of the First and Fourteenth Amendments to the U.S. Constitution, Cognizable Under 42 U.S.C. § 1983</u>**

46.     Plaintiff hereby incorporates by reference the allegations made in each preceding paragraph as if each were set forth herein.

47.     Ms. Slayton's mental health was an objectively serious health condition recognized by Harris County Jail.

48.     Defendants were aware of Ms. Slayton's mental health condition as early as January 2021.

49.     Ms. Slayton was experiencing objectively serious symptoms while incarcerated.

50.     Defendants' denial of appropriate medical care demonstrates deliberate indifference towards Ms. Slayton's condition in violation of Ms. Slayton's First Amendment and Fourteenth Amendment rights secured by the United States Constitution, cognizable under 42 U.S.C § 1983.

51.     Defendants should have been aware that to deny Ms. Slayton adequate medical care for her serious medical needs was to deny Ms. Slayton her Constitutional rights.

52.     In committing the acts alleged herein, Defendants acted willfully, recklessly, maliciously, and with deliberate indifference to Ms. Slayton and her serious medical needs and need for medical care.

53.     Defendants were acting under color of State law when they denied Ms. Slayton her Constitutional right to adequate medical care in violation of Ms. Slayton's First Amendment and Fourteenth Amendment rights secured by the U.S. Constitution.

54.     As a direct and proximate result of the acts and omissions of Defendants, while acting alone and/or in concert with others and with deliberate indifference to Ms. Slayton's rights and serious medical needs, Ms. Slayton suffered severe and devastating damages and injuries, including but not limited to intense physical pain, the inability to get requested relief or assistance, suffering, fear, mental anguish, vomiting, headaches that lasted days and other unnecessary medical challenges.

55.     The conduct of Defendants, as alleged herein, was wanton, willful, undertaken with

8

evil motives, and/or displayed a deliberate indifference to Ms. Slayton's constitutional rights, privileges and immunities, thereby justifying award of punitive damages against each individual Defendant, in his or her individual capacity, in an amount sufficient to punish and deter Defendants and others from engaging in like misconduct in the future.

56. As a result of Defendants' unlawful actions and infringements of her protected rights, Plaintiff has been compelled to retain counsel in this matter and is therefore entitled to a recovery of attorney's fees and legal costs pursuant to 42 U.S.C. § 1988.

## COUNT II

**<u>Failure to Train, Supervise, and Discipline in violation of the First and Fourteenth Amendment to the U.S. Constitution, Cognizable Under 42 U.S.C. § 1983</u>**

***Against Defendants Sheriff Ed Gonzalez, Harris Health, Harris County, Harris County Sheriff's Department, and John Doe 1***

57. Plaintiff hereby incorporates by reference all the allegations made in each preceding paragraph as if each were set forth herein.

58. Ms. Slayton's symptoms were of sufficient severity that Ms. Slayton should have received adequate medical care for her objectively serious physical and mental health medical conditions.

59. Defendants were aware of the severity of Ms. Slayton's health condition and medical needs.

60. Defendants knew or should have known that failure to provide adequate medical care to Ms. Slayton was a violation of her constitutional right.

61. Defendants failed to provide adequate medical care to Ms. Slayton.

62. Defendants' failure to provide adequate medical care to Ms. Slayton resulted in suffering from complications including but not limited to intense physical pain, suffering, fear, mental anguish, vomiting, headaches that lasted days and other unnecessary medical challenges.

63. Defendants named here were responsible for the medical policies, procedures. protocols, and practices implemented and effectuated by Defendant Harris County and the Harris County Sheriff Department at the jail, and they were responsible for all personnel who interacted with jail patients who had medical needs.

64. Furthermore, these Defendants were responsible for but failed to train, supervise and discipline the jail personnel and Harris County Jail individual defendants who were responsible for protecting the health and safety of the inmates.

65. As a direct and proximate cause of the Defendants' failure to train, supervise and discipline, and to Ms. Slayton's constitutional rights, Ms. Slayton suffered damages to which she is entitled relief under 42 U.S.C. § 1983 and § 1988.

WHEREFORE, Plaintiff Kelly Slayton respectfully prays this Honorable Court enter judgement in her favor against each of the individually named Defendants; award her compensatory and punitive damages, award her reasonable costs and attorneys' fees; and grant her any and all such other relief as this Court deems just and proper.

## COUNT III

### Unconstitutional Pattern, Practice, and/or Custom ("Monell liability") in violation of the First and Fourteenth Amendment to the U.S. Constitution 42 U.S.C. § 1983

*Against Defendants Harris County, Harris County Sheriff's Department, Sheriff Ed Gonzalez and Harris Health*

66. Plaintiff hereby incorporates by reference all the allegations made in each preceding paragraph as if each were set forth herein.

67. As described herein, while acting under color of state law and alone and in concert with others, deprived Ms. Slayton of his rights, privileges, and immunities as secured by the Constitution of the United States of America, including her First Amendment and Due Process rights under the

Fourteenth Amendment, including but not limited to unlawfully failing to provide her with adequate medical care despite his serious and obvious need for such care, as evidence by her filing several hundred grievances and her physical condition.

68.     The misconduct of the individually-named Defendants and Defendants John and Jane Does 1-4, as described herein, was authorized by and undertaken pursuant to an unconstitutional policy and/or a practice and custom that what so widespread, well-known, and well-settled, as to constitute a standard operating procedure of Defendants Harris County, Harris County Sheriff's Department and Harris Health and that it was the moving force and proximate cause of Ms. Slayton's injuries and in that it is and was it was the regular pattern, practice and custom for Harris County and Harris Health employees to (a) ignore serious medical needs, (b) maladminister prescription medication, and (c) prevent patients from accessing prescription medications.

69.     The Harris County Jail struggled to maintain compliance with the Texas Commission on Jail Standards having spent several months non-compliant due to safety violations and having had a high number of inmate deaths in recent years.

70.     The serious harms incurred by Ms. Slayton were the direct consequence of these patterns, practices, and/or customs of Defendants Harris County entities and Harris Health.

71.     As a direct and proximate consequence of the acts of Defendants, Ms. Slayton has suffered damages in the form of, inter alia, deprivation of his constitutional rights as guaranteed under the First and Fourteen Amendments, cognizable pursuant to 42 U.S.C. § 1983; physical pain and suffering; severe anxiety, fear, and mental anguish; and loss of life.

72.     As the result of the actions of the Defendants Ms. Slayton has suffered in the form of, inter alia, deprivation of his constitutional rights as guaranteed under the First and Fourteenth Amendments, cognizable pursuant to 42 U.S.C. § 1983; physical pain and suffering; severe anxiety, fear, and mental anguish.

11

73. Defendants Harris County, Harris County Sheriff's Department, and Harris Health's unconstitutional patterns, practices and customs demonstrated a deliberate indifference to Ms. Slayton's constitutional rights, and constituted willful, malicious, oppressive, intentional, reckless, or grossly negligent actions and are of such nature that punitive damages should be imposed in the amount commiserate with the wrongful acts alleged herein.

74. As a result of Defendants' unlawful actions and infringements of his protected rights, Plaintiff has been compelled to retain counsel in this matter and is therefore entitled to a recovery of attorneys' fees and legal costs pursuant to 42 U.S.C. § 1988.

## COUNT IV

### Unconstitutional Policy in violation of the First and Fourteenth Amendment to the U.S. Constitution Cognizable Under 42 U.S.C, § 1983

*Against Defendants Harris County, Harris County Sherif's Department and Harris Health*

75. Plaintiff hereby incorporates by reference all the allegations made in each preceding paragraph as if each were set forth herein.

76. As described herein Defendants Harris County, Harris County Sheriff's Department and Harris Health created an utilized a policy, either in writing or pursuant to training and custom, that the Harris County officers at the jail ignore grievances, lose them, delay investigating and in some case do not investigate them at all, when those in custody are complaining about medical needs not being met.

77. This policy delayed critical medical care for Ms. Slayton.

78. On information and belief, this policy routinely delayed medical care for patients who needed emergency medical care.

79. The misconduct of the individually-named Defendants and Defendants John and Jane Doe 1-4, as described herein, was authorized by and undertaken pursuant to this unconstitutional

policy and that it was the moving force and proximate cause of Ms. Slayton's constitutional deprivations and injuries.

80. As a direct and proximate consequence of this unconstitutional policy Ms. Slayton has suffered damages in the form of, inter alia, deprivation of his constitutional rights as guaranteed under the First and Fourteen Amendments, cognizable pursuant to 42 U.S.C. § 1983; physical pain and suffering; severe anxiety, fear, and mental anguish.

81. As a result of Defendants' unlawful actions and infringements of his protected rights, Plaintiff has been compelled to retain counsel in this matter and is therefore entitled to a recovery of attorneys' fees and legal costs pursuant to 42 U.S.C. § 1988.

## COUNT V
### Texas Claim for Medical Negligence

*Against Harris Health and Jane and John Does 1-4*

82. Plaintiff hereby incorporates by reference all the allegations made in each preceding paragraph as if each were set forth herein.

83. A patient-physician relationship existed between the defendants named here and Ms. Slayton and the defendants named here owed Ms. Slayton a duty to provide medical care by using the degree of skill and learning ordinarily used under the same or similar circumstances by members of the medical profession.

84. Defendants named here breached their duty in multiple ways including and were negligent in the following respects including but not limited to:

    a. knowing that Ms. Slayton suffered from serious mental health issues and failing to ensure Ms. Slayton was supervised closely and provided her prescribed medication, as needed.

    b. relying on ill-trained personnel to provide medical care to Ms. Slayton

knowing that she is of a vulnerable population.

85. As a direct and proximate cause of Defendants' negligence, Ms. Slayton's treatment was severely delayed and denied which caused her to suffer severe pain and emotional distress.

86. Indeed, the medical injury suffered by Ms. Slayton, as the result of Defendants' conduct, is medically diagnosable, was diagnosed and/or is medically significant.

87. Plaintiff is entitled to recover all applicable damages including, but not limited to, damages related to pain and suffering, mental anguish, and attorney's fees, as related to Defendants' misconduct.

88. Defendants' acts were intentionally willful, wanton, reckless, and malicious. Therefore, Plaintiff is entitled to an award of punitive or exemplary damages in an amount sufficient punish defendants and to deter others from like conduct in the future.

## COUNT VI

## Negligence

### *Against all Defendants*

89. Plaintiff hereby incorporates by reference all the allegations made in each preceding paragraph as if each were set forth herein.

90. All Defendants had a duty to Ms. Slayton and a duty to ensure that the staff in the Harris County Jail were able to respond appropriately to the health and safety of those in custody.

91. All Defendants breached that duty including by failing to ensure that jail's staff did not respond appropriately previous to and during Ms. Slayton's health challenges.

92. Defendants also failed to ensure that policies were in place to ensure appropriate care is administered in medical challenges.

93. Ms. Slayton's injuries were directly and/or proximately caused by the negligence as stated herein, including the inadequate policies surrounding the response to medical situations at

Harris County Jail.

WHEREFORE, Plaintiff Kelly Slayton, respectfully prays that this Honorable Court enter judgement in her favor for compensatory and punitive damages; award her reasonable costs and attorneys' fees; and grant her any and all such other relief as this Court deems just and proper.

## **INJURIES AND DAMAGES**

94. Plaintiff hereby incorporates by reference all the allegations made in each preceding paragraph as if each were set forth herein.

95. As a direct and proximate result of the negligent actions of the Defendants, Ms. Slayton suffered personal injury including head, neck and back trauma, pain and suffering, extreme fatigue, dizziness and mental anguish. As a direct result of the negligent actions of the Defendants, Ms. Slayton suffered and continues to suffer a poor quality of life in confinement. Defendants' negligence and deliberate indifference directly contributed to the personal injury, pain and suffering, and mental anguish experienced by Ms. Slayton.

96. Plaintiff is entitled to recover punitive damages from the Defendants for their intentional, willful, and malicious acts and/or omissions which constituted gross negligence,

recklessness, and deliberate indifference to Ms. Slayton's medical needs in violation of the civil rights pursuant to 42 U.S.C. § 1983.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury on all of the above issues, costs herein incurred, fees where appropriate, and such relief as is deemed appropriate for the Court.

Dated: January 5, 2026

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By: */s/ Megan J. Mitchell*
    Megan J. Mitchell
    Texas Bar No. 24121017
    John Lewis, Jr.
    Texas Bar No. 24108103
    Michael Harrison
    Texas Bar No. 24092491
    600 Travis Street, Suite 3400
    Houston, TX 77002
    Telephone:  713.227.8008
    Facsimile:  713.227.9508
    mjmitchell@shb.com
    jolewis@shb.com
    mharrison@shb.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 5, 2026, the foregoing was filed and served upon counsel of record via upload to the Court's **CM/ECF System**.

*/s/ Megan J. Mitchell*
Megan J. Mitchell

-