KELLY ELAINE SLAYTON, §
SPN #030378865, §
§
*Plaintiff,* §
§ CIVIL ACTION NO. 4:22-CV-02572
v. §
§
J. LAWRENCE, et al., §
§
*Defendants.* §

## DEFENDANT JAYNEQUEKIA LAWRENCE'S RESPONSE TO PLAINTIFF'S MOTION TO QUASH SUBPOENA

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Jaynequekia Lawrence ("Defendant") opposes Plaintiff's motion to quash the subpoena seeking health care records from the Harris Center for Mental Health and IDD [Doc. #124]. In support of said response, Defendant would respectfully show the Court as follows:

### I. STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS

1. Plaintiff is an inmate at the Harris County jail who claims "she suffers from a serious mental health condition, dating back from when she was a young child" and at the Harris County jail "was denied access to her prescription medications for bipolar disorder, PTSD, ulcers and other serious medical conditions." Amended Complaint, paras. 2 and 33 (Doc. #108). Plaintiff's period of incarceration at the Harris County jail began in January 2021.

2. On March 25, 2026 and April 2, 2026, I emailed Ms. Mitchell, counsel for Plaintiff, confirming emails concerning the request that Plaintiff authorize the release of her treatment records by the Harris Center for Mental Health and IDD. A true and correct copy of these emails is attached as Exhibit "A". Counsel understands that the Harris Center for Mental Health and IDD provides psychiatric care for inmates at the Harris County jail. My email of April 2, 2026 confirmed that Ms. Slayton declined to authorize the release of the requested records. Subsequently Defendant sought by subpoena "Any and all PREA records, evaluations, examinations, medical records, all SOAP notes counseling records, psychometric and psychiatric testing, correspondence, referrals and social worker records." At the hearing of April 21, 2026, the undersigned proposed that the requested documents cover the span of time 2021-to the present, the period of Slayton's incarceration at the Harris County jail.

3. The requested discovery is timely under the Docket Control Order. *See* Doc. #107.

### II. STATEMENT OF ISSUE AND DISCUSSION

4. Statement of Issue. The issue to be ruled upon by the Court is: (a) Whether the Court should permit and compel the requested discovery.

5. Defendant is entitled to Plaintiff's medical/psychological/psychiatric records because Plaintiff is seeking mental anguish damages and has identified that she has a longstanding serious mental health condition as well as bipolar disorder and PTSD. S*ee Merrill v. Waffle House, Inc.,* 227 F.R.D. 467 (N.D. Tex. 2005) (holding that  discovery of the identities of plaintiff's health providers, dates of treatment, nature of treatment, and authorizations for medical records were relevant for emotional distress damages in a

discrimination case); *Everhart v. Amtrak,* No. IPO 1-1221-C-H/K, 2003 U.S. Dist. LEXIS 293, at *3-4 (S.D. Ind. Jan. 9, 2003) (granting defendant's motion to compel plaintiff to sign a medical records authorization where the plaintiff "placed her medical condition at issue by seeking damages for disability and pain and suffering"); *Bridges v. Eastman Kodak Co.,* 850 F. Supp. 216 (S.D.N.Y. 1994) (permitting discovery of plaintiffs' medical records and psychological histories where plaintiffs' sought compensation for mental anguish under Title VII and state discrimination statute); *Ferrell v. Brick,* 678 F. Supp. 111 (E.D. Pa. 1987) (ordering disclosure of psychiatrist's notes in Title VII lawsuit and stating: "An individual who wishes to receive the benefits of the judicial system should not be allowed to impose an additional burden on the system by withholding necessary information central to her claim."). See also, *Lischka v. Tidewater Servs., Inc.,* No. 96-296, 1997 WL 27066 (E.D. La. Jan. 22, 1997) (holding that "cases almost universally hold, explicitly or implicitly" the federal rules of procedure "empowers federal courts to compel parties to sign written authorizations consenting to the production of various documents");

6.      Further, by placing her physical condition and mental health at issue in this lawsuit, Slayton has waived any physician-patient or privacy privilege. *See, e.g., Lahr v. Fulbright & Jaworski, L.L.P.,* 164 F.R.D. 196, 202 (N.D. Tex. 1995) (granting employer's motion to compel a mental examination of the plaintiff because the employee's mental condition was "in controversy" and the employer showed "good cause" to order the mental examination); *Sanchez v. U.S. Airways, Inc.,* 202 F.R.D. 131, 135-136 (E.D. Pa. 2001) (granting motion to compel where defendant's interest in defending plaintiffs' claim outweighed plaintiffs' privacy interest in the psychiatrist's records); *EEOC v. GM Corp.,* No. 4:96CV01547 GFG,

3

1997 WL 807862, at *2 (E.D. Mo. Nov. 24, 1997) (granting motion for release of medical records relating to the charging parties' emotional state).

7.      Federal courts in Texas routinely require plaintiffs that have put their medical records at issue to execute and return authorizations allowing defendants to access relevant information from third parties. *See, e.g., Mir v. L-3 Commc'ns Integrated Sys., L.P.,* 319 F.R.D. 220, 227-29 (N.D. Tex. 2019) ("[T]he Court is persuaded to fall in with this second camp of courts that conclude that Rule 34, along with Rule 37, empowers courts to compel parties to sign written releases or authorization forms consenting to the production of various documents."); *EEOC v. L-3 Commc'ns Integrated Sys., LP,* 2018 WL 3548870, at *3 (N.D. Tex. July 24, 2018) ("[T]he Court agrees with Mir that written authorizations for release may be compelled under Rule 34 because they compel parties to disclose documents that are within their control."); *Garza v. AAA Cooper Transportation,* 2021 WL 3777739, at *4 (S.D. Tex. May 18, 2021) ("Where plaintiffs allege injuries and damages for medical expenses and pain and suffering, putting their medical history at issue, courts routinely direct them to provide blank medical authorizations; however each case is unique and must be decided on its own facts." (citing *Sinegal v. La. Workers Comp. Corp*., 2008 WL 4862038, at *3 (W.D. La. Nov. 7, 2008)).  Plaintiff's reliance upon *Jaffe v. Remond* and *James v. Harris County* is inapposite as those cases involved discovery of defendant law enforcement officer's counseling records subsequent to their uses of deadly force, and not a plaintiff's.

8.      The need for the Court to compel the execution of a records authorization here is apparent. Should Plaintiff continue to refuse, Defendant alternatively requests an order

releasing the requested records.

9. Slayton has filed a singularly impressive total of eighteen federal lawsuits since she was housed at the Harris County jail in January 2021, most of which were dismissed:

4:21-cv-2553

4:21-cv-3596

4:21-cv-3598

4:21-cv-3603

4:21-cv-3639

4:22-cv-2572

4:22-cv-4411

4:22-cv-4431

4:23-cv-0227

4:23-cv-0363

4:23-cv-2492

4:23-cv-2705

4:23-cv-3114

4:24-cv-2458

4:24-cv-2108

4:24-cv-2846

4:24-cv-5533

4:26-cv-0201.

The multitude and span of these lawsuits and grievances fully supports the release of

Slayton's psychiatric records for the same period. *See* Exhibit B.

III.  Conclusion

For the reasons stated herein, Defendant contends that Plaintiff's motion to quash should be denied.

WHEREFORE, PREMISES CONSIDERED, Defendant requests that the motion be denied and that Plaintiff be compelled to release the requested psychiatric records. Alternatively, Defendant requests the Court enter an order releasing the psychiatric records from The Harirs Center for Mental Health and IDD spanning the period 2021 to the present.

Date: April 24, 2026

Respectfully submitted,

By:  */s/ James C. Butt*

**JAMES C. BUTT**
Sr. Assistant County Attorney
ATTORNEY-IN-CHARGE
State Bar No. 24040354
Fed. Bar No. 725423
Phone:  (713) 274-5133 (direct)
james.butt@harriscountytx.gov
**VERONICA L. JONES**
Assistant County Attorney
ATTORNEY TO BE NOTICED
State Bar No. 24097902
Federal ID No. 3639763
Veronica.Jones@harriscountytx.gov

**OFFICE OF THE HARRIS COUNTY ATTORNEY**
1019 Congress
Houston, Texas 77002
Tel: (713) 274-5133 (direct)

**ATTORNEYS FOR DEFENDANT LAWRENCE**

**<u>CERTIFICATE OF SERVICE</u>**

I certify that, pursuant to the Federal Rules of Civil Procedure, a true copy of the instrument to which this certificate is attached is filed with the clerk of the court using CM/ECF system, which will send electronic notification for those listed of record.

*/s/ Jim Butt*
Jim Butt